UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                JS-6

| Case No. | CV 12-631 CAS (CWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. ENSHIWAT | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**      (In Chambers:) **PLAINTIFF'S MOTION TO REMAND** (filed February 6, 2012)

## I.    INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 12, 2012, is vacated, and the matter is hereby taken under submission.

On October 13, 2011, plaintiff Federal National Mortgage Association filed an unlawful detainer action in Kern County Superior Court against *pro se* defendant Sandra Enshiwat. On January 24, 2012, defendant removed to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant asserts various federal claims in her notice of removal. See Dkt. No. 1.

The Court finds that remand is appropriate. First, defendant untimely filed the notice of removal. See 28 U.S.C. § 1446(b) (granting a defendant 30 days to remove after receipt of the first pleading that sets forth a removable claim). This action was commenced on October 13, 2011, and served defendant on October 31, 2011. See Def. Mot. RJN Exh 3. Defendant did not file a notice of removal until January 24, 2012, more than 30 days later. Remand is appropriate on this ground alone.

Moreover, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-631 CAS (CWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. ENSHIWAT | | |

defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail.  McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendant.  Dkt. No. 1 at 40.  Defendant cannot create federal subject matter jurisdiction by adding claims or asserting defenses.  McAtee, 479 F.3d at 1145.  The Court therefore lacks subject matter jurisdiction and must remand.  Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Accordingly, the Court GRANTS plaintiff's motion to remand to Kern County Superior Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |